UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ZOHO CORPORATION, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. 1:22-cv-37 |
| | § |
| LIBERTY PEAK VENTURES, LLC, | § |
| | § |
| Defendant. | § |
| | § |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Zoho Corporation ("Zoho" or "Plaintiff"), by and through its attorneys, brings the following Complaint against Defendant Liberty Peak Ventures, LLC ("Liberty Peak" or "Defendant") for a declaratory judgment of non-infringement as follows:

**NATURE OF THE ACTION**

1. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, including Title 35, United States Code, Zoho seeks a declaratory judgment of non-infringement of U.S. Patent Nos. 9,373,122 (the "'122 patent"), 10,074,088 (the "'088 patent"), and 10,956,901 (the "'901 patent") (collectively "the patents-in-suit").

2. In correspondence to Zoho, Liberty Peak asserts that the Zoho Vault service and software offered by Zoho infringes the patents-in-suit. Because Liberty Peak's assertions have no merit and the accused Zoho product does not infringe the patents-in-suit, Zoho seeks a declaratory judgment of non-infringement.

**THE PARTIES**

3. Zoho is a corporation organized and existing under the laws of California with a principal place of business in the Northern District of California.

4. On information and belief, Liberty Peak is a limited liability company organized and existing under the laws of Texas.

5. On information and belief, Liberty Peak has a principal place of business at 200 Crescent Ct. Suite 482, Dallas, Texas 75201.

6. On information and belief, Liberty Peak may be served via its agent for service of process—DelGiorno IP Law, PLLC—at 941 Marie Drive, Allen, TX 75013.

## JURISDICTION AND VENUE

7. This is a civil action regarding patent non-infringement arising under the patent laws of the United States. Liberty Peak has asserted that the patents-in-suit read on the accused Zoho Vault product and system. Zoho does not infringe the patents-in-suit. Thus, a substantial controversy exists between Zoho and Liberty Peak that is of sufficient immediacy and reality to empower the Court to issue a declaratory judgment.

8. This Court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and pursuant to 28 U.S.C. §§ 2201 and 2202.

9. This Court has personal jurisdiction over Liberty Peak because Liberty Peak is both incorporated in and has its principal place of business in the state of Texas.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events which give rise to the requested remedy occurred in this district. In particular, Liberty Peak has engaged licensing agents and counsel to act as its agents in the enforcement of its purported patent rights. Counsel and agents for Liberty Peak have sent correspondence to Zoho's offices in this district asserting that Zoho's products infringe the patents-in-suit. With these letters, Liberty Peak sent charts indicating how it believes Zoho's product practices the patents-in-suit.

11. Further, Liberty Peak has previously availed itself of this district in enforcing its patent rights. *See Liberty Peak Ventures, LLC v. Citigroup Inc. et al.*, Case No. 6:21-cv-00710 (filed July 8, 2021); *Liberty Peak Ventures, LLC v. Citigroup Inc. et al.*, Case No. 6:21-cv-00711 (filed July 8, 2021).

12. On information and belief, Liberty Peak's operations are limited to patent enforcement. Thus, a substantial portion of Liberty Peak's operations (related to enforcement of its patents (including the patents-in-suit)) have occurred in this district.

## BACKGROUND FACTS

13. In July 2021, Liberty Peak, via its attorneys, sent correspondence to Zoho asserting that Zoho infringes each of the patents-in-suit. Zoho responded in August 2021 and explained that its product did not infringe the patents-in-suit.

14. Later in August, 2021, Liberty Peak, via its agent Dominion Harbor, again contacted Zoho and reiterated its assertion that Zoho Vault infringes the patents-in-suit. Liberty Peak requested that Zoho take a license to these patents.

15. Despite Liberty Peak's assertions, Zoho does not infringe any of the patents-in-suit.

16. The patents-in-suit describe and claim a system in which a browser toolbar and corresponding service encrypt, store, and otherwise use credit card information or other similar information usable to conduct financial transactions. As such, every claim of the patents-in-suit requires the use of "account information" that is "useable to conduct a transaction" with the account holder.

17. The Zoho Vault product accused of infringement by Liberty Peak is a password management system, not a system which stores financial account information as required by the claims.

18. For at least this reason, Zoho does not infringe any claim of the patents-in-suit.

## FIRST CLAIM FOR RELIEF
**(Declaratory Judgement of Non-Infringement of the '122 Patent)**

19. Zoho repeats and realleges each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

20. Liberty Peak claims to own all right, title and interest in the '122 patent, including rights to enforce the '122 patent and recover for its infringement.

21. Liberty Peak has asserted that the Zoho Vault product infringes the '122 patent.

22. Zoho does not infringe, directly or indirectly, the '122 patent.

23. An actual controversy exists between Zoho and Liberty Peak concerning non-infringement of the '122 patent.

24. Accordingly, Zoho seeks a declaration that the claims of the '122 patent are not infringed.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgement of Non-Infringement of the '088 Patent)**

25. Zoho repeats and realleges each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

26. Liberty Peak claims to own all right, title and interest in the '088 patent, including rights to enforce the '088 patent and recover for its infringement.

27. Liberty Peak has asserted that the Zoho Vault product infringes the '088 patent.

28. Zoho does not infringe, directly or indirectly, the '088 patent.

29. An actual controversy exists between Zoho and Liberty Peak concerning non-infringement of the '088 patent.

30. Accordingly, Zoho seeks a declaration that the claims of the '088 patent are not infringed.

**THIRD CLAIM FOR RELIEF**
**(Declaratory Judgement of Non-Infringement of the '901 Patent)**

31. Zoho repeats and realleges each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

32. Liberty Peak claims to own all right, title and interest in the '901 patent, including rights to enforce the '901 patent and recover for its infringement.

33. Liberty Peak has asserted that the Zoho Vault product infringes the '901 patent.

34. Zoho does not infringe, directly or indirectly, the '901 patent.

35. An actual controversy exists between Zoho and Liberty Peak concerning non-infringement of the '901 patent.

36. Accordingly, Zoho seeks a declaration that the claims of the '901 patent are not infringed.

## DEMAND FOR JURY TRIAL

37. Zoho demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Zoho prays for judgment as follows:

A. A declaration that Zoho has not infringed and is not infringing, either literally or by virtue of the doctrine of equivalents, any valid or enforceable claim of the '122 patent, that Zoho has not contributed to or induced, and is not contributing to or inducing, infringement of the '122 patent, and that Zoho is not liable for any infringement;

B. A declaration that Zoho has not infringed and is not infringing, either literally or by virtue of the doctrine of equivalents, any valid or enforceable claim of the '088 patent, that Zoho has not contributed to or induced, and is not contributing to or inducing, infringement of the '088 patent, and that Zoho is not liable for any infringement;

C. A declaration that Zoho has not infringed and is not infringing, either literally or by virtue of the doctrine of equivalents, any valid or enforceable claim of the '901 patent, that Zoho has not contributed to or induced, and is not contributing to or inducing, infringement of the '901 patent, and that Zoho is not liable for any infringement;

D. A declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285 and that Zoho be awarded its attorneys' fees; and

E.  Any and all other relief to which Zoho may be entitled or which this Court deems just and proper.


Dated: January 14, 2022

Respectfully submitted,

By: /s/ *Darryl Adams*
Darryl Adams
Texas State Bar No. 00796101
dadams@sgbfirm.com
SLAYDEN GRUBERT BEARD PLLC
401 Congress Ave., Ste. 1650
Austin, Texas 78701
Telephone: (512) 402-3550
Facsimile: (512) 402-6865

Ryan Marton (*pro hac vice* forthcoming)
Phillip Haack (*pro hac vice* forthcoming)
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Telephone: (415) 360-2515
Email: ryan@martonribera.com
phil@martonribera.com

*Attorneys for Plaintiff Zoho Corporation*