**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| ZOHO CORPORATION, § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 1:22-cv-37-LY |
| § § | |
| LIBERTY PEAK VENTURES, LLC, § § | |
| Defendant. § § | |
| § | |
| LIBERTY PEAK VENTURES, LLC, § § | |
| Counterclaimant, § § | |
| v. § § | |
| ZOHO CORPORATION, § § | |
| Counter-Defendant, § § | |
| and § § | |
| ZOHO CORPORATION PVT. LTD. § § | |
| Third-Party Defendant. § § | |

**OPPOSED MOTION FOR LEAVE TO**
**SUPPLEMENT INVALIDITY CONTENTIONS OF**
**ZOHO CORPORATION AND ZOHO CORPORATION PVT. LTD.**

**I.      INTRODUCTION**

Zoho Corporation and Zoho Corporation Pvt. Ltd. ("Zoho") move for leave to supplement their invalidity contentions.[1]  Good cause exists for granting leave.  The case is in its early stages—almost two months prior to any claim construction briefing and long before fact discovery opens—and Liberty Peak Ventures, LLC ("Liberty Peak") has not identified any substantive prejudice.

**II.     BACKGROUND**

   **A.      Zoho's Invalidity Contentions**

Pursuant to the Court's Pre-*Markman* Scheduling Order (Dkt. 19) and the agreement of the parties, Zoho served its invalidity contentions September 12, 2022.  The invalidity contentions, attached as Exhibit A to the Declaration of Ryan Marton ("Marton Decl.") included arguments under 35 U.S.C. §§ 102, 103, and 112.  Zoho included indefiniteness arguments under 35 U.S.C. § 112 relating to each of the patents-in-suit:  U.S. Patent Nos. 9,373,122 ("'122 patent"), 10,074,088 ("'088 patent"), and 10,956,901 ("'901 patent").  Accordingly, Liberty Peak was on notice that Zoho intended to raise indefiniteness under § 112 as to every asserted claim. *See* Marton Decl., Ex. A at 17-18 (identifying indefiniteness issues with limitations appearing in every asserted claim).

After the parties served their contentions, the parties began the claim construction process.  On October 5, 2022, the parties exchanged their proposed terms for construction.

---

[1] It is not clear that leave or good cause is required to supplement invalidity contentions at this stage of the case.  There are no patent local rules requiring good cause for supplementation, and the pre-*Markman* Scheduling Order (Dkt. 19) is silent on the issue.  It appears that it is common in this Court to have the parties serve final infringement and invalidity contentions after it issues its *Markman* order, presumably with amendments in between as the parties clarify claim construction issues.  Marton Decl., Exs. C-E.  Nonetheless, Zoho seeks leave because Liberty Peak has indicated that it opposes Zoho's supplementation.  Marton Decl. ¶ 5.

Recognizing additional § 112 issues with several terms, counsel for Zoho decided to prepare supplemental invalidity contentions incorporating those terms as well.  *See* Marton Decl. ¶ 2, Ex. B (redline of changes to Zoho's contentions).  While doing so, counsel realized that they had erroneously left the "securely storing" terms out of the original invalidity contentions and added them to the supplement.  On October 11, Zoho served the updated contentions on Liberty Peak and asked if Liberty Peak objected to the amendment.  *Id*. at ¶ 3.  On October 17, Liberty Peak asked for Zoho's "good faith basis for amending," and Zoho informed Liberty Peak that it had inadvertently left the new § 112 issues out of the original contentions, offered to confer with Liberty Peak and asked Liberty Peak to identify any prejudice it would suffer from the supplemental contentions.  *Id*..  On October 19, Liberty Peak informed Zoho that it opposed Zoho's proposed amendment.  *Id*. at ¶ 5.  Liberty Peak has identified no prejudice from the supplemental invalidity contentions.  *Id*. at ¶ 6.

### III.    ARGUMENT

The Court should grant Zoho leave to supplement its invalidity contentions because good cause justifies supplementation.  This case is in its early stages.  Zoho's disclosure of its additional § 112 contentions to Liberty Peak occurred approximately four weeks after its initial disclosures, before the parties exchanged terms for construction, and well before the close of claim construction discovery or the filing of opening claim construction briefs.  Liberty Peak will have a full and fair opportunity to contest these defenses during claim construction and will not suffer any prejudice.  Granting leave will not impact the date of the Claim Construction Hearing or any other deadlines.

"District courts have broad discretion to determine whether 'good cause' exists for amending . . . contentions."  *Cell & Network Selection LLC v. AT&T Inc.*, No. 6:13-CV-403, 2014 WL 10727108, at *2 (E.D. Tex. Nov. 10, 2014).  In assessing whether leave to amend

scheduling orders, this Court follows the standard in *S&W Enterprises, LLC v. SouthTrust Bank of Alabama,* NA. 315 F.3d 533 (5th Cir. 2003). Under that standard, the Court considers: (1) explanation for failure to meet the deadline; (2) importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) availability of a continuance to cure such prejudice. *Id.* at 535-36; *Intell. Ventures II, LLC v. AT&T Corp.*, No. 1:13-CV-116-LY, 2016 WL 11782838, at *2 (W.D. Tex. Nov. 29, 2016) (applying the *S&W Enterprises* standard).

  A. **Explanation of The Need to Supplement**

Zoho's proposed amendments do not result from gamesmanship but arose out of the normal process of preparing for claim construction in the case. Zoho's proposed additions to its contentions fall into two categories. First, for those claim limitations which require "securely storing" information at a browser toolbar,[2] the indefiniteness for these terms were erroneously left out of Zoho's invalidity disclosures, an oversight which was discovered while preparing for claim construction. Marton Decl. ¶ 2. For the other terms at issue,[3] Zoho identified these section 112 defenses while preparing its identification of terms for construction. *Id.* As soon as Zoho noticed the need to supplement, Zoho promptly prepared supplemental contentions and served them on October 11, approximately four weeks after Zoho served its initial invalidity contentions and months before opening claim construction briefs were due. *Id.* at ¶ 3.

---

[2] "securely storing account information at the browser toolbar" ('122 Patent, claim 1) and "securely storing, by the browser toolbar, the account information at the browser toolbar" ('088 Patent, claim 1; '901 Patent, claims 1 & 11), "inaccessible outside of the browser toolbar" ('122 Patent, claim 1), "maintained by the browser toolbar" ('122 Patent, claims 1 & 8)

[3] "generating, via the browser toolbar" ('122 Patent, claim 7), "generating, at a browser toolbar" ('088 Patent, claim 1; '901 Patent, claims 1 & 11), "determining, at a browser toolbar" ('122 Patent, claim 15; '088 Patent, claim 15), "decrypting, at the browser toolbar" ('122 Patent, claim 15)

3

### B. Importance of the Thing That Would Be Excluded

The arguments sought to be added to the contentions could render all the asserted claims invalid so there should be no dispute about the importance of the supplementation. *See, e.g., In re Papst Licensing GMBH & Co. KG Patent Litig.*, Misc. Action No. 07–493 (RDM), MDL No. 1880, 2017 WL 3670021, *3-*7 (D.D.C. 2017) (allowing amendment and noting among reasons for it the public importance of validity challenges).

Zoho seeks to add indefiniteness arguments that would invalidate all independent claims of the patents-in-suit. A finding of indefiniteness as to these claims would also invalidate the claims that depend from them, effectively invaliding all of the asserted claims. Therefore, there should be no dispute that it is material to Zoho's invalidity arguments and Zoho would be prejudiced if it is not allowed to pursue these defenses.

### C. Potential prejudice in allowing the thing that would be excluded

Liberty Peak has suffered no prejudice as a result of this short delay. Liberty Peak did not identify any prejudice it might suffer before stating its opposition to this motion and none exists. Marton Decl. ¶¶ 5-6. Zoho's disclosure of its additional § 112 contentions to Liberty Peak occurred before the parties exchanged proposed constructions or any disclosure of extrinsic evidence on which they might rely in claim construction, and well before the close of claim construction discovery or the filing of opening claim construction briefs—due in mid-December. Fact discovery has yet to open and no trial date has been set. Given that Liberty Peak was on notice that it would have to respond to indefiniteness arguments based on the original invalidity contentions, it has already had the opportunity to engage experts if it desired. Zoho also included the disputed terms in the list of terms to be construed in accordance with the scheduling order on October 5, 2022, which provided ample notice to Liberty Peak of these defenses.

4

Because the litigation is still in its early stages and the claim construction process has just begun, Liberty Peak still has a full and fair opportunity to address the additional § 112 arguments. There is no realistic possibility that Liberty Peak could be unfairly prejudiced by the supplementation, and even with the supplement there would be no effect on the rest of the Court's schedule. Claim construction discovery remains open until December 2, and opening claim construction briefs are not due until December 16. *See Lexar Media, Inc. v. Pretec Electronics Corp.*, 2007 WL 1170633, *1 (N.D. Cal. 2007) (granting accused infringer's motion to amend its invalidity contentions to assert lack of an enabling disclosure and adequate written description and ruling that there was no prejudice where the patentee was on notice of the possible defenses during the claim construction briefing).

Nor is there any potential prejudice to Liberty Peak beyond the claim construction process. Fact discovery has yet to open, and Liberty Peak has not substantively responded to the invalidity contentions. Liberty Peak will have ample opportunity to seek discovery and respond to this defense as this case progresses.

Courts often recognize that where fact discovery has not closed, amending the contentions generally will not result in any prejudice. *See Avago Technologies Gen. IP Pte Ltd. v. Elan Microelectronics Corp.*, 2007 WL 1449758, *2 (N.D. Cal. 2007) (granting accused infringer leave to amend its *final* invalidity contentions to add a written description defense since the patentee would not be prejudiced where it had notice of the defense for three months before the deadline for summary judgment and no new document production was necessary for the defense); *Arbitron, Inc. v. Int'l Demographics Inc.*, No. 2:06-CV-434 (TJW), 2009 WL 166555, *2 (E.D. Tex. Jan. 16, 2009) (allowing for amendments to the contentions, even after claim construction, because "[d]iscovery is still ongoing in this case. . . . The Court fails to see how the

Ipsos would be prejudiced if Arbitron is allowed to amend its infringement contentions at this stage of litigation."); *see also Hearing Components, Inc. v. Shure, Inc.*, No. 9:07CV104, 2008 WL 11348009, at *2 (E.D. Tex. June 5, 2008) (granting leave to amend, because "discovery does not close for more than four months, and [Plaintiffs] had not yet taken any depositions."). Nothing has occurred in the case that corners Liberty Peak into a particular legal theory or position. Therefore, Liberty Peak would not endure any legal hardship or prejudice in view of the additional § 112 issues.

        **D.**      **Availability of a Continuance to Cure Such Prejudice**

As discussed above, this case is in its earliest stages. Fact discovery has not yet begun and no trial date has been set. If Liberty Peak needs more time to cure any as-yet unidentified prejudice, there is no impediment to doing so.

**IV.**      **CONCLUSION**

For the reasons set forth above, Zoho has shown good cause for this Court to grant this Motion and allow Zoho to supplement its invalidity contentions to add the additional defenses under 35 U.S.C. § 112.

Dated: October 21, 2022          Respectfully submitted,

             By:    /s/ *Ryan Marton*
                   Ryan Marton

Darryl Adams
Texas State Bar No. 00796101
dadams@sgbfirm.com
SLAYDEN GRUBERT BEARD PLLC
401 Congress Ave., Ste. 1650
Austin, Texas 78701
Telephone: (512) 402-3550
Facsimile: (512) 402-6865

Ryan Marton (admitted *pro hac vice*)
Phillip Haack (admitted *pro hac vice*)
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Telephone: (415) 360-2515
Email:    ryan@martonribera.com
            phil@martonribera.com

*Attorneys for Zoho Corporation and*
*Zoho Corporation Pvt. Ltd.*

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Zoho conferred with counsel for Liberty Peak regarding the relief requested in this motion on October 19, 2022 and that counsel indicated that Liberty Peak opposed this motion.

Dated: October 21, 2022             */s/ Ryan J. Marton*
                                          Ryan J. Marton

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being served on the counsel of record via the CM/ECF system on October 21, 2022.

By: */s/ Ryan Marton*
Ryan Marton