**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISON**

| | | |
|---|---|---|
| ZOHO CORPORATION, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | Case No. 1:22-cv-00037-LY |
| | § | |
| LIBERTY PEAK VENTURES, LLC, | § | JURY DEMANDED |
| | § | |
| *Defendants.* | § | |
| | § | |
| LIBERTY PEAK VENTURES, LLC, | § | |
| | § | |
| *Counterclaimant,* | § | |
| | § | |
| v. | § | |
| | § | |
| ZOHO CORPORATION | § | |
| | § | |
| *Counter-Defendant,* | § | |
| | § | |
| and | § | |
| | § | |
| ZOHO CORPORATION PVT. LTD | § | |
| | § | |
| *Third-Party Defendant.* | § | |

**DEFENDANT LIBERTY PEAK VENTURES, LLC'S RESPONSE TO
ZOHO CORPORATION AND ZOHO CORPORATION PVT. LTD.'S OPPOSED
MOTION FOR LEAVE TO SUPPLEMENT INVALIDITY CONTENTIONS OF ZOHO
CORPORATION AND ZOHO CORPORATION PVT. LTD.**

Defendant/Counterclaimant Liberty Peak Ventures, LLC ("LPV"), by and through its undersigned counsel, files this Response to Zoho Corporation and Zoho Corporation Pvt. Ltd.'s (collectively, "Zoho") Opposed Motion for Leave to Supplement Invalidity Contentions of Zoho Corporation and Zoho Corporation Pvt. Ltd ("Zoho's Motion" or "Motion") [Dkt. No. 22], and in support thereof would show the Court as follows:

## I.
## INTRODUCTION AND BACKGROUND

Zoho served its invalidity contentions ("Original Contentions") on September 12, 2022, after LPV agreed to an extension from its original deadline, August 31, 2022. Dkt. No. 19 (Scheduling Order). In its Original Contentions, Zoho disclosed the following representing its invalidity arguments under 35 U.S.C. § 112:

> As apparently interpreted by Liberty Peak, the phrases "providing, via the browser toolbar, the stored account information to the web service" ('122 Patent, claim 6), "providing the account information to the web service" ('122 Patent, claim 15), "providing, by the browser toolbar, the account information to [a/the] web service" ('088 Patent, claims 1 and 15, '901 Patent, claims 1 and 11), are indefinite and/or lack written description. The phrases "content of the web service" ('122 Patent, claim 2) and "web service content" ('122 Patent, claim 16) are indefinite and/or lack written description.

Dkt. No. 22-2 (Original Contentions) at p. 18). Zoho further summarized its reasoning behind these contentions, alleging that they stem from the claim phrase "account information" appearing in each of these claims.

In addition, without identifying any particular claims that it contends are invalid under this theory, Zoho also stated that "any claim in which the [encryption] key used to encrypt or decrypt the user's account information is not generated by a browser toolbar lacks written description. Similarly, any claim that is interpreted to not require public key encryption lacks written description." *Id.* at p. 17.

Subsequently, on October 17, 2022, appended to an email discussion between counsel regarding pre-markman disclosure scheduling, Zoho served its proposed Amended Contentions purporting to allege *nine* additional § 112 indefiniteness contentions, without any explanation whatsoever.[1]  *See* Ex. A (10.17.22 Email Requesting Amended Contentions).  Each new "contention" takes the form of, for example,

> The phrase "inaccessible outside of the browser toolbar" ('122 Patent, claim 1) is indefinite and/or lacks written description.

Dkt. No. 22-3 (Amended Contentions pp. 18-19).

Zoho requested that LPV agree to these amendments.  LPV has opposed because (i) the amendments insufficiently disclose Zoho's newly asserted indefiniteness contentions; and (ii) Zoho cannot demonstrate good cause for the amendments.

## II.     ARGUMENT AND AUTHORITIES

### A.     Zoho's Proposed Amendments Are Futile Because They Fail To Adequately Disclose Its New Indefiniteness Contentions

Zoho's counsel knows how to adequately disclose an indefiniteness position.  Indeed, in its Original Contentions it provided a summary explanation of its arguments as to the alleged indefiniteness of the term "account information".  By contrast, the 8 additional indefiniteness "contentions" appended to its Amended Contentions provide no explanation whatsoever.  Zoho's contentions do not even specify whether it is relying on an "indefiniteness" or "written description" theory.  Thus, LPV is required to guess until briefed by Zoho.  Courts have struck indefiniteness contentions that provide only bare-bones disclosures nearly identical to those proposed here by Zoho. *MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-CV-5341 YGR, 2014 WL 690161,

---

[1] The Amended Contentions that Zoho filed with the Court [Ex. 22-3] are not the Amended Contentions that were provided originally to LPV.  Apparently, and without informing LPV prior to filing its Motion, Zoho has since decided to forego one of these contentions.  Thus, the Amended Contentions filed with the Court have 8 additional contentions.

**LIBERTY PEAK VENTURES, LLC'S RESPONSE TO OPPOSED MOTION FOR LEAVE
TO SUPPLEMENT INVALIDITY CONTENTIONS OF ZOHO CORPORATION AND
ZOHO CORPORATION PVT. LTD.**                                                                                   Page 3

at *6 (N.D. Cal. Feb. 21, 2014) ("Here, Freescale's disclosure here does nothing more than state that a theory of 'indefiniteness, written description/enablement' is asserted as to this term."). Zoho's Amended Contentions are inadequate to fairly put LPV on notice of its position prior to Claim Construction briefing, and therefore, the Amended Contentions fail in their primary purpose. On this basis alone, Zoho's Motion should be denied.

B.  **Zoho Has Not Demonstrated Good Cause to Amend**

Under the Patent Rules of the Eastern District of Texas, which are often applied in this division, "[u]nless a party seeks to amend or supplement its invalidity contentions because of the Court's claim construction ruling, leave to amend or supplement is required." *Kinetic Concepts, Inc. v. BlueSky Med. Corp.*, No. SA-08-CV-102-RF, 2009 WL 10664413, at *1 (W.D. Tex. Dec. 21, 2009) (citing E.D. Tex. Local Patent Rule 3–6(b)). Four factors are typically considered in determining whether the Court should exercise discretion to allow an untimely supplementation: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Id*. Here, all four factors militate away from granting Zoho leave to amend.

    a.  **Zoho Has No Explanation For Its Failure to Timely Disclose Its New § 112 Contentions**

A parties' failure to offer any "reasonable explanation for its delay in seeking leave to amend ... weighs heavily against allowing [the plaintiff] to supplement its [contentions]." *See Davis–Lynch, Inc. v. Weatherford Int'l, Inc.*, No. 6:07-CV-559, 2009 WL 81874, at *3–4 (E.D. Tex. Jan. 12, 2009). Zoho's explanation is that the failure to originally disclose these additional theories was "an oversight which was discovered while preparing for claim construction". Motion, Dkt. No. 22 at p. 3  Universal Arbor has no means to rebut this explanation, or to determine its

reasoning.  Nevertheless, it is not a reason showing good cause.  The error was not instigated or prompted by Universal Arbor's actions, nor is it based on some new information.  It is simply a late amendment.  The explanation is especially weak in view of the fact that Universal Arbor already granted Zoho a twelve-day extension to serve its invalidity contentions.

Zoho originally filed this case and is a sophisticated company that has been party to numerous patent infringement lawsuits in the past.  It undoubtedly intended to raise invalidity defenses since its initial filing, on January 14, 2022.  Zoho has had more than eleven months to consider its § 112 written description arguments, which should be manifest from the face of the asserted patents.  *See XY, LLC v. Trans Ova Genetics, LC*, No. 17-CV-00944-WJM-NYW, 2021 WL 5564664, at *6 (D. Colo. Nov. 29, 2021) ("this court observes that such arguments primarily rely upon and can be developed from information on the contents of the patent and its prosecution history itself, rather than a search for prior art that might reasonably develop as discovery progresses.") (*citing Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc)); *MicroVention, Inc. v. Balt USA, LLC*, No. 819CV01335JLSKES, 2022 WL 1599710, at *3 (C.D. Cal. Feb. 17, 2022) (supplement of § 112 defense denied because defendant should have been aware of written description arguments since early in the case).  And yet, because of an "oversight", it seeks to add additional contentions after the (extended) deadline has lapsed.

Zoho's explanation is hollow and the first factor strongly favors denying its Motion.  *See See Danco, Inc. v. Lavelle Industries, Inc.*, No. 5:16-CV48-CMC, 2017 WL 10154229, at *4 (E.D. Tex. Mar. 20, 2017) (denying leave where the reason for delay was within the plaintiff's control); *Auxilium Pharms., Inc. v. Watson Lab'ys, Inc.*, No. CV 12-3084 (JLL), 2013 WL 12149760, at *8 (D.N.J. Nov. 11, 2013) (denying Motion to Amend when Defendant "found" new indefiniteness arguments during claim construction preparation and stating "Watson had ample opportunity to

review the patent and develop any indefiniteness theory before serving its invalidity contentions.").

      b.      **Zoho Has Not Explained Why Its Untimely Amendments Are Important**

The second factor, importance of the amendment, also weighs against Zoho's requested leave. Zoho's only explanation of importance is that its untimely contentions "would render all the asserted claims invalid so there should be no dispute over the importance of the supplementation". Dkt. No. 22 at p. 5. This is no explanation, but rather, a definition of the nature of invalidity contentions. If supplementation of invalidity contentions were allowed any time the supplement would, if meritorious, invalidate claims of asserted patents, then the "good cause" requirement be wholly superfluous. *See Danco, Inc. v. Lavelle Indsutries, Inc.*, No. 5:16CV48-CMC, 2017 WL 10154229, at *4 (E.D. Tex. Mar. 20, 2017) (rejecting a similar conclusory argument in favor of the "importance" of an indefiniteness amendment).

Zoho has not addressed why *these* untimely § 112 arguments are necessary besides simply to lodge more invalidity arguments. Based on the history of this case, Universal Arber does, in fact, dispute the importance of these untimely amendments. Prior to its Motion, Zoho had timely raised 19 alleged prior art references and associated § 102 anticipation contentions and two § 112 contentions that allegedly applied to nearly all of the asserted claims. The need for Zoho's supplement is clearly an afterthought, as it was not important enough to timely raise. Nothing has changed since the invalidity contention deadline that would remotely necessitate an amendment.

      c.      **LPV Is Severely Prejudiced By Zoho's Untimely Amendments**

The third factor, potential prejudice to LPV, also weighs against granting leave. Zoho sought to amend on October 11, 2022 after the parties had exchanged their disclosure of terms to be construed. In its disclosure of proposed terms, Zoho states that its identified claim terms "should be construed by the Court and/or [] should be governed by 35 U.S.C. § 112(6) [means plus

function claims]". *See* Ex. B (Disclosure of Claim Terms). The list provided to LPV contains the majority of the terms that Zoho now contends are indefinite. *Compare* Ex. B *with* Dkt. No. 22-3 at p. 18-19 (Amended Contentions). Thus, LPV had been proceeding with the understanding that Zoho expressly *did not* believe that those terms were indefinite.

As described above, Zoho's proposed amendments do not explain, or even briefly summarize, its new indefiniteness arguments. Nor has Zoho explained why it previously believed that the terms were not definite but instead required construction. In essence, Zoho is asking to the Court to keep LPV in the dark, and on shifting ground about its new indefiniteness arguments until its claim construction briefing.

This leaves LPV at a severe disadvantage. It has disclosed, in detail, all of its infringement and claim construction positions. Zoho, even if leave is granted, has not. This affects LPV's ability to consider its claim construction positions, determine the necessary extrinsic evidence, and determine whether it requires expert testimony to combat Zoho's new positions. Under similar circumstances courts have found prejudice to the opposing party. *Danco, Inc. v. Lavelle Indsutries, Inc.*, No. 5:16CV48-CMC, 2017 WL 10154229, at *5 (E.D. Tex. Mar. 20, 2017) (denying amendment early in the claim construction process and more than four months before the claim construction hearing).

As Zoho does here, in *STMicroelectronics, Inc. v. Motorola, Inc.* the proponent of the untimely amendment attempted "to show 'good cause' primarily by arguing that [the opposing party] ha[d] suffered no harm." 307 F. Supp. 2d 845, 850 (E.D. Tex. 2004). The court quickly rejected that argument, holding that, "[g]iven that the good cause showing unambiguously centers on [the proponent]'s diligence, the Court finds [its] absolute silence regarding the diligence used telling." *Id*. at 850. Zoho has not explained why, despite its diligence, it was unable to meet the

extended deadline to disclose its contentions. Instead, it argues that it waited a month to disclose the new arguments, and that is not enough time to have caused prejudice to Zoho. That is precisely the argument rejected by the court in *Motorola*, and it should be rejected here. *Id.* at 850 ("a party's failure to meet a deadline due to mere inadvertence is tantamount to no explanation at all.") (internal quotation marks omitted).

Furthermore, in *Innovative Display Techs. LLC v. Acer Inc.*, when defendant sought to supplement its contentions more than two months before the claim construction hearing, Judge Gilstrap held that

> Allowing Defendants to amend the invalidity contentions so close to the Claim Construction Hearing, and after the parties have largely formulated their respective positions, would force Plaintiff to spend more time and resources in modifying its existing construction. Given that Defendants have failed to explain their failure to meet the deadline or the importance of the new arts, on balance, the Court finds it improper to impose such additional burden on Plaintiff.

No. 2:13-CV-00522-JRG, 2014 WL 2796555, at *2 (E.D. Tex. June 19, 2014).

The same rationale applies here, except this case is even more prejudicial because Zoho's proposed amendment is not even a true disclosure, but a mere placeholder. This factor militates toward denying leave.

### d. A Continuance of the Markman Hearing Would Further Prejudice LPV

The fourth factor, the availability of a continuance, weighs against leave. LPV has no desire for a continuance. Zoho filed this case nearly a year ago. Absent some prospect of resolution, the Court's current deadlines—which were largely agreed by the parties— should be maintained. A continuance would only delay the case further and increase the cost of litigation. This factor favors denying Zoho's requested leave.

### III. CONCLUSION & PRAYER

WHEREFORE, for all of the foregoing reasons, Defendant/Counterclaimant Liberty Peak Ventures, LLC respectfully requests this Court deny Zoho's Motion for Leave to Supplement its Invalidity Contentions and grant LPV such further relief in law or equity that it may show itself justly entitled.

Dated: November 4, 2022               Respectfully submitted,

**PLATT CHEEMA RICHMOND PLLC**

*/s/ Matthew C. Acosta*
Matthew C. Acosta
Texas Bar No. 24062577
macosta@pcrfirm.com
Andrew Lin
Texas Bar. No. 24092702
alin@pcrfirm.com
Nicholas C. Kliewer
Texas Bar No. 24083315
nkliewer@pcrfirm.com
**PLATT CHEEMA RICHMOND PLLC**
1201 N. Riverfront Blvd., Suite 150
Dallas, Texas 75207
214.559.2700 Main
214.559.4390 Fax

**COUNSEL FOR DEFENDANT AND COUNTERCLAIMANT LIBERTY PEAK VENTURES, LLC**

### CERTIFICATE OF SERVICE

The undersigned counsel for Defendant does hereby certify that on November 4, 2022, this pleading was served on counsel of record via the Court's electronic filing system.

*/s/ Matthew C. Acosta*
Matthew C. Acosta