UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ZOHO CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>LIBERTY PEAK VENTURES, LLC,<br><br>    Defendant.<br><br>LIBERTY PEAK VENTURES, LLC,<br><br>    Counterclaimant,<br><br>v.<br><br>ZOHO CORPORATION,<br><br>    Counter-Defendant,<br><br>and<br><br>ZOHO CORPORATION PVT. LTD.<br><br>    Third-Party Defendant. | Civil Action No. 1:22-cv-37-LY |

**REPLY IN SUPOPRT OF OPPOSED MOTION FOR LEAVE TO
SUPPLEMENT INVALIDITY CONTENTIONS OF
ZOHO CORPORATION AND ZOHO CORPORATION PVT. LTD.**

**I.     INTRODUCTION**

By opposing Zoho's motion, Liberty Peak seeks to preclude critical case dispositive indefiniteness defenses that were disclosed more than five months before fact discovery opens, two months before opening claim construction briefs are due and more than four months before the claim construction hearing. Liberty Peak does not (and cannot) allege any prejudice caused by Zoho's supplementation of its invalidity contentions at this very early stage of the case.

Nor does any rule of civil procedure, rule of this court or case law justify denying the supplementation. Precluding supplementation would be antithetical to the notion of fairness and the strong public interest in deciding patent invalidity arguments on the merits. *See Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C03-01431 SBA, 2006 WL 1329997, at *7 (N.D. Cal. May 15, 2006) ("[D]istrict courts are strongly encouraged to decide issues pertaining to invalidity when presented.") (citation omitted).

**II.    ARGUMENT**

    **A.     Zoho's Proposed Supplementation Is Not Futile**

Liberty Peak incorrectly contends that Zoho's supplementation is futile because Zoho's indefiniteness contentions are purportedly inadequate. But Zoho's amended contentions identifying specific claim elements as indefinite and/or lacking written description are done in exactly the same form as Federal Courts have consistently held acceptable. *See, e.g., Seven Networks, LLC v. Google LLC*, No. 2:17-CV-00442-JRG, 2018 WL 4501952, at *2 (E.D. Tex. July 11, 2018) (holding that disclosure of a list of claim elements under the heading "Invalidity Based on Enablement Or Written Description Under 35 U.S.C. § 112, ¶ 1 And/or Invalidity Based On Indefiniteness Under 35 U.S.C. § 112. ¶ 2 was sufficient); *Am. Pats. v. Coolpad Grp. Ltd.*, No. 4:19-CV-877, 2020 WL 5534482, at *1 (E.D. Tex. Sept. 15, 2020) (same).

*MediaTek*, which Liberty Peak relies on, is inapposite. First, the *MediaTek* decision does

not even address the adequacy of a disclosure of an indefiniteness position.  Second (and critically), the Court in *MediaTek* did not conclude that identifying a specific claim language as indefinite and/or lacking written description (as Zoho has done) is an inadequate disclosure.  To the contrary, the court held that a disclosure that failed to identify specific claim language as lacking written description was inadequate.  *MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-CV-5341 YGR, 2014 WL 690161, at *6 (N.D. Cal. Feb. 21, 2014) (noting that the disclosure in question "does not state that Claim 35's 'dynamic power controller' limitation is what is being challenged with this contention").

      B.      **<u>No Case Law, Rule of Civil Procedure or Rule of Court Supports Precluding Zoho's Defenses</u>**

Conspicuously missing from Liberty Peak's opposition is reference to case law or local rules from this Court precluding Zoho's proposed supplementation.  Instead, Liberty Peak relies exclusively on case law from other jurisdictions (e.g., Eastern District of Texas) that have patent local rules with specific provisions limiting when contentions can be amended.  Here, there is no such local rule.  Zoho is merely supplementing its disclosure to fix an inadvertent omission and add an indefiniteness position it identified in the beginning of the claim construction process.  This is akin to supplementing discovery responses or initial disclosures pursuant to Federal Rule of Civil Procedure 26(e).  It is not clear that leave of court or good cause is required here.

Nonetheless, even if leave and good cause is required, courts in other jurisdictions with local rules restricting amendments to contentions consistently allow early stage good faith supplementations like those proposed by Zoho.[1]  *See, e.g.*, *Arbitron, Inc. v. Int'l Demographics*

---

[1] None of the cases cited by Liberty Peak support exclusion.  Indeed, in the cases cited by Liberty Peak the court denied the requested supplementation because of some gamesmanship, bad faith, flouting of patent local rules and/or undue prejudice. *See e.g.*, *Davis-Lynch, Inc. v. Weatherford Int'l, Inc., No.* CIV.A. 6:07-CV-559, 2009 WL 81874, at *4 (E.D. Tex. Jan. 12, 2009) (refusing to allow amendment of infringement contentions to add fifty two new accused products where the plaintiff had detailed information about the newly accused products for, in

*Inc.*, No. CIV A 206-CV-434 TJW, 2008 WL 4755761, at *1 (E.D. Tex. Oct. 29, 2008) (granting motion to add indefiniteness defenses where leave was sought on the same day the parties filed their joint claim construction statement, and rejecting patentee's argument that a seven-month delay by the accused infringer to assert indefiniteness should doom the request since the defenses were based on material objectively available to the accused infringer); *Cathx Rsch. Ltd. v. 2G Robotics, Inc.*, No. 5:21-CV-00077-RWS, 2022 WL 3656441, at *4 (E.D. Tex. June 16, 2022) (allowing addition of indefiniteness defenses contentions during the claim construction process, despite a lack of diligence and noting "the importance of the amendment, the slight delay between the initial invalidity contentions and amendment and the lack of unfair prejudice"); *24/7 Customer, Inc. v. Liveperson, Inc.*, , 2016 WL 6673983, at *2-*3 (N.D. Cal. Nov. 14, 2016) (granting leave to amend and noting that "[t]he local rules on [invalidity] contentions are 'not a straitjacket into which litigants are locked from the moment their contentions are served.'"); *Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 624–26 (E.D. Tex. 2007) (granting accused infringer's motion to amend its invalidity contentions to add a new prior art patent owned by the accused infringer, where it sought leave approximately seven weeks after invalidity contentions were originally due, and finding that the patentee would not be prejudiced by the addition since it was sought before the claim construction briefs had been filed).

    C.    **<u>This Amendment Is Critical</u>**

Liberty Peak appears to assert that Zoho must argue the merits of its indefiniteness

---

some instances, more than four years and in other instances roughly eight months before seeking amendment and where the amendment would prejudice the defendant); *MicroVention, Inc. v. Balt USA, LLC*, No. 819CV01335JLSKES, 2022 WL 1599710, at *3 (C.D. Cal. Feb. 17, 2022) (precluding the requested amendment because defendant "has been aware of the basis for the invalidity challenges it seeks to add for the past two years"); *Danco, Inc. v. Lavelle Indsutries, Inc.*, No. 5:16CV48-CMC, 2017 WL 10154229, at *3 (E.D. Tex. Mar. 20, 2017) (denying request to amend contentions where defendant waited two months after learning of the need to supplement to raise the issue and where the amendment was sought within a few months of close of discovery).

3

positions to show that the case dispositive issues are important. That is not what is required. In fact, courts consistently (and correctly) conclude that invalidity defenses are in fact important without evaluating the strength of the particular invalidity defense. *See, e.g.*, *Cathx Rsch.*, 2022 WL 3656441, at *3 (concluding indefiniteness is a critical defense without any argument as to why the particular defense was critical); *Arbitron, Inc.*, 2008 WL 4755761, at *1 (same).

D. **There is No Prejudice**

Liberty Peak feigns prejudice arguing it has been left "in the dark" as to Zoho's positions but it fails to explain (and cannot explain) why it will not be given a full and fair opportunity to respond to the indefiniteness positions under the current schedule. Discovery has not opened. There is no deadline for expert reports yet, and no trial date has been set. Zoho served its preliminary invalidity contentions on September 12, 2022. Less than a month later (on October 11, 2022), it served the supplemental contentions at issue. It did this nearly two weeks before the parties were scheduled to exchange proposed constructions (due on October 24th)[2]; more than two months before opening claim construction briefs (due on December 16, 2022) and more than four months before the claim construction hearing (scheduled for February 21, 2023). Liberty Peak will have a full and fair opportunity to respond to Zoho's indefiniteness arguments.

In an apparent tacit recognition of lack of prejudice, Liberty Peak argues that prejudice need not even be evaluated absent a finding of diligence. But setting aside the fact that Zoho has been diligient here[3], many courts have allowed amendments despite a finding of lack diligence

---

[2] The parties agreed to the following slight modifications to the pre-Markman schedule: Exchange proposed claim construction on October 24, 2022; file joint claim construction statement on November 21, 2022; close of claim construction discovery on December 2, 2022; opening claim construction briefs to be filed by December 16, 2022. The remainder of the dates remain the same as set forth pre-Markman Order entered in the docket (Dkt. 19).

[3] Liberty Peak's absolutist position regarding errors is belied by the fact that its own Opposition to this motion was in fact filed late (two weeks instead of one week after the opening brief) and included reference to the wrong defendant ("Universal Arbor") in several instances. Civil Local

where there is no prejudice or gamesmanship.  *See, e.g., Cathx Rsch.*, 2022 WL 3656441, at *4; *Arbitron, Inc.*, 2008 WL 4755761, at *1 (noting that the court "does not agree that diligence is the sole or primary factor to be considered in deciding such a motion" and holding that amendment should be allowed despite a lack of diligence given lack of prejudice to the plaintiff and the importance of an indefiniteness defense); *see also Computer Acceleration Corp.*, 481 F. Supp. 2d at 627 ("CAC") ("The lack of unfair prejudice to CAC, and the ample opportunity for CAC to respond to the new invalidity contentions, outweigh Microsoft's dilatory conduct."); *Altera Corp. v. PACT XPP Techs., AG*, No. 14-CV-02868-JD, 2015 WL 3832389, at *3 (N.D. Cal. June 19, 2015) (allowing supplementation of invalidity contentions to correct an inadvertent omission and noting that absent bad faith "sinking an invalidity theory due to an honest … mistake is a harsh result"); *Apple Inc. v. Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *5 (N.D. Cal. Nov. 15, 2012) ("Courts have allowed amendments when the movant made an honest mistake, the request to amend did not appear to be motivated by gamesmanship, or where there was still ample time left in discovery.").

### E. There Is No Reason Continuance Could not be Granted Were One Needed

No continuance is needed.  But as Liberty Peak is non-practicing entity (they purchased the asserted patents American Express apparently for assertion), there is no conceivable prejudice caused by extending the schedule a short amount (a few weeks (e.g., the same amount of time between service of original contentions and the supplemental contentions)), if Liberty Peak contends it needs more time.

---

Rule 7(d)(2) (requiring opposition to discovery and case management motions to be filed with seven days the opening brief).  Zoho does not (and would not) contend that Liberty Peak's errors here should have a substantive impact on how any issues in this case are ruled on.  Indeed, there is no harm caused by these errors—nor is there an indicia of gamesmanship—and thus these errors should be excused in favor of a resolution on the merits.

Dated: November 14, 2022   Respectfully submitted,

By:   /s/ *Ryan Marton*
Ryan Marton

Darryl Adams
Texas State Bar No. 00796101
dadams@sgbfirm.com
SLAYDEN GRUBERT BEARD PLLC
401 Congress Ave., Ste. 1650
Austin, Texas 78701
Telephone: (512) 402-3550
Facsimile: (512) 402-6865

Ryan Marton (admitted *pro hac vice*)
Phillip Haack (admitted *pro hac vice*)
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Telephone:  (415) 360-2515
Email:   ryan@martonribera.com
            phil@martonribera.com

*Attorneys for Zoho Corporation and Zoho Corporation Pvt. Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being served on the counsel of record via the CM/ECF system on November 14, 2022.

By:   /s/ *Ryan Marton*
Ryan Marton