

EXHIBIT K



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| | | |
|---|---|---|
| 27571 | 7590 | 05/03/2018 |

Ascenda Law Group, PC
333 W San Carlos St.
Suite 200
San Jose, CALIFORNIA 95110
UNITED STATES OF AMERICA

| EXAMINER |
|---|
| REAGAN, JAMES A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3685 | |

DATE MAILED: 05/03/2018

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/187,196 | 06/20/2016 | Blayn W. Beenau | 5109-LPV-0038 | 9874 |

TITLE OF INVENTION: METHODS, APPARATUS AND COMPUTER PROGRAM PRODUCTS FOR SECURELY ACCESSING ACCOUNT DATA

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1000 | $0.00 | $0.00 | $1000 | 08/03/2018 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. <u>PROSECUTION ON THE MERITS IS CLOSED.</u> THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN <u>THREE MONTHS</u> FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. <u>THIS STATUTORY PERIOD CANNOT BE EXTENDED.</u> SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the ENTITY STATUS shown above. If the ENTITY STATUS is shown as SMALL or MICRO, verify whether entitlement to that entity status still applies.

If the ENTITY STATUS is the same as shown above, pay the TOTAL FEE(S) DUE shown above.

If the ENTITY STATUS is changed from that shown above, on PART B - FEE(S) TRANSMITTAL, complete section number 5 titled "Change in Entity Status (from status indicated above)".

For purposes of this notice, small entity fees are 1/2 the amount of undiscounted fees, and micro entity fees are 1/2 the amount of small entity fees.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

PTOL-85 (Rev. 02/11)

# PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to:** __Mail__ Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
or __Fax__ (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

27571   7590   05/03/2018

Ascenda Law Group, PC
333 W San Carlos St.
Suite 200
San Jose, CALIFORNIA 95110
UNITED STATES OF AMERICA

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/187,196 | 06/20/2016 | Blayn W. Beenau | 5109-LPV-0038 | 9874 |

TITLE OF INVENTION: METHODS, APPARATUS AND COMPUTER PROGRAM PRODUCTS FOR SECURELY ACCESSING ACCOUNT DATA

| APPLN. TYPE | ENTITY STATUS | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | UNDISCOUNTED | $1000 | $0.00 | $0.00 | $1000 | 08/03/2018 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| REAGAN, JAMES A | 3688 | 713-156000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

    ❏ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

    ❏ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
    (1) The names of up to 3 registered patent attorneys or agents OR, alternatively,
    (2) The name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

    1 _____
    2 _____
    3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                         (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) : ❏ Individual ❏ Corporation or other private group entity ❏ Government

4a. The following fee(s) are submitted:
❏ Issue Fee
❏ Publication Fee (No small entity discount permitted)
❏ Advance Order - # of Copies _____

4b. Payment of Fee(s): **(Please first reapply any previously paid issue fee shown above)**
❏ A check is enclosed.
❏ Payment by credit card. Form PTO-2038 is attached.
❏ The director is hereby authorized to charge the required fee(s), any deficiency, or credits any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)
❏ Applicant certifying micro entity status. See 37 CFR 1.29
❏ Applicant asserting small entity status. See 37 CFR 1.27
❏ Applicant changing to regular undiscounted fee status.

NOTE: Absent a valid certification of Micro Entity Status (see forms PTO/SB/15A and 15B), issue fee payment in the micro entity amount will not be accepted at the risk of application abandonment.
NOTE: If the application was previously under micro entity status, checking this box will be taken to be a notification of loss of entitlement to micro entity status.
NOTE: Checking this box will be taken to be a notification of loss of entitlement to small or micro entity status, as applicable.

NOTE: This form must be signed in accordance with 37 CFR 1.31 and 1.33. See 37 CFR 1.4 for signature requirements and certifications.

Authorized Signature _____   Date _____

Typed or printed name _____   Registration No. _____

PTOL-85 Part B (10-13) Approved for use through 10/31/2013.   OMB 0651-0033   U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 15/187,196 | 06/20/2016 | Blayn W. Beenau | 5109-LPV-0038 | 9874 |

| | | | EXAMINER |
|---|---|---|---|
| 27571 | 7590 | 05/03/2018 | REAGAN, JAMES A |
| Ascenda Law Group, PC | | | |
| 333 W San Carlos St. | | | ART UNIT / PAPER NUMBER |
| Suite 200 | | | 3688 |
| San Jose, CALIFORNIA 95110 | | | |
| UNITED STATES OF AMERICA | | | DATE MAILED: 05/03/2018 |

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(Applications filed on or after May 29, 2000)

The Office has discontinued providing a Patent Term Adjustment (PTA) calculation with the Notice of Allowance.

Section 1(h)(2) of the AIA Technical Corrections Act amended 35 U.S.C. 154(b)(3)(B)(i) to eliminate the requirement that the Office provide a patent term adjustment determination with the notice of allowance. See Revisions to Patent Term Adjustment, 78 Fed. Reg. 19416, 19417 (Apr. 1, 2013). Therefore, the Office is no longer providing an initial patent term adjustment determination with the notice of allowance. The Office will continue to provide a patent term adjustment determination with the Issue Notification Letter that is mailed to applicant approximately three weeks prior to the issue date of the patent, and will include the patent term adjustment on the patent. Any request for reconsideration of the patent term adjustment determination (or reinstatement of patent term adjustment) should follow the process outlined in 37 CFR 1.705.

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

## OMB Clearance and PRA Burden Statement for PTOL-85 Part B

The Paperwork Reduction Act (PRA) of 1995 requires Federal agencies to obtain Office of Management and Budget approval before requesting most types of information from the public. When OMB approves an agency request to collect information from the public, OMB (i) provides a valid OMB Control Number and expiration date for the agency to display on the instrument that will be used to collect the information and (ii) requires the agency to inform the public about the OMB Control Number's legal significance in accordance with 5 CFR 1320.5(b).

The information collected by PTOL-85 Part B is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450. Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| **Notice of Allowability** | Application No. 15/187,196 | Applicant(s) Beenau et al. | |
|---|---|---|---|
| | Examiner JAMES A REAGAN | Art Unit 3621 | AIA Status No |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address*--

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☑ This communication is responsive to <u>the terminal disclaimer filed on 01/25/2018.</u>.
    - ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☑ The allowed claim(s) is/are <u>23-42</u>. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see **http://www.uspto.gov/patents/init_events/pph/index.jsp** or send an inquiry to **PPHfeedback@uspto.gov.**

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
    a) ☐All    b) ☐ Some    *c) ☐ None of the:
       1. ☐ Certified copies of the priority documents have been received.
       2. ☐ Certified copies of the priority documents have been received in Application No. _____.
       3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
    * Certified copies not received: _____.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS (as "replacement sheets") must be submitted.
    - ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____.
    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☑ Notice of References Cited (PTO-892)
2. ☑ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date <u>01/25/2018</u>.
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material _____.
4. ☐ Interview Summary (PTO-413), Paper No./Mail Date. _____.
5. ☐ Examiner's Amendment/Comment
6. ☑ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____.

/JAMES A REAGAN/
Primary Examiner, Art Unit 3688

Application/Control Number: 15/187,196 Page 2
Art Unit: 3688

## DETAILED ACTION

### Status of Claims

1. The present application is being examined under the pre AIA first to invent provisions.
2. This action is in reply to the terminal disclaimer filed on **01/25/2018**.
3. Claims 23 42 are currently pending and have been examined.

### Allowable Subject Matter

4. Claims 23 42 are allowed. See Reasons for Allowance under separate heading.

Application/Control Number: 15/187,196 Page 3
Art Unit: 3688

**Reasons For Allowance**

5. The following is an Examiner's statement of reasons for allowance:

The Examiner has carefully reviewed the Applicants arguments and assertions filed on **07/26/2017**. Based upon the Applicants arguments and assertions the Examiner is persuaded by and agrees with the Applicant. With regard to the rejections under 35 USC § 101 based upon the Alice Corporation Pty. Ltd. v. CLS Bank guidelines, the Examiner finds that the claimed invention amounts to significantly more than a judicial exception or an abstract idea. The rejection under 35 USC § 101 is hereby withdrawn. With regard to the prior art of record, the Examiner has carefully reviewed the Applicants arguments and assertions filed on **07/26/2017**. Based upon the Applicants arguments and assertions the Examiner is persuaded by and agrees with the Applicant.

Reno does not teach or suggest generating, at a browser toolbar, a cryptographic key. Reno indicates that "a user could enter a static or dynamic password to access a local credential (e.g. cryptographic key store, biometric), remote credential (e.g. cryptographic key roaming server). Reno also discloses that "the security application uses an organization's public key that must be signed and chained to a trusted CA to encrypt the user's sensitive information." Reno does not include any discussion about the origin of these keys. In addition, Reno does not teach or suggest decrypting encrypted data received from the secure database. Reno discloses how "the security application uses an organization's public key that must be signed and chained to a trusted CA to encrypt the user's sensitive information." Paragraph [0036] then explains that "the trusted source receives the transmission from the user" and, "[i]f necessary, the source uses its private key to decrypt the transmission" (emphasis). This paragraph is describing the "trusted source" as being the one receiving information from the "security application," not the security application (corresponding to the alleged "browser toolbar") receiving information from the trusted source. This portion of Reno therefore cannot be said to teach or suggest "using, by the browser toolbar, the cryptographic key to decrypt encrypted data received from the secure database."

Application/Control Number: 15/187,196 Page 4
Art Unit: 3688

**Conclusion**

Application/Control Number: 15/187,196 Page 5
Art Unit: 3688

6. The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

- **MATSUMOTO, ET AL.** (JP 2007/156806 A) DISCLOSES, "A service provider server stores a wallet for centrally managing as a bookmark merchandise information found at virtual shops on the Internet and digital merchandise information obtained at real shops, in association with user identification information; and at the user's request, displays the stored wallet as merchandise information on an Internet browser together with a toolbar having a menu of predetermined functions and, when the user selects any function on the toolbar, executes the predetermined function."

- **CHANG et al.** (EP 880254 A2) discloses, "The financial transaction processing system includes at least one financial server connected through a public network to a number of users associated with client computers. Each user accesses the financial server through a web browser. The web browser is provided with the capabilities to generate encryption keys, to encrypt and decrypt HTML forms, and to digitally sign and timestamp HTML forms. The financial server transfers web pages including HTML forms representing financial transactions. The HTML forms contain extensions that specify the format of an incoming format and the format of a returned form. An HTML form can be transmitted in an encrypted format, in a format including a user's digital signature and timestamp, and in an encrypted format that contains the user's digital signature and timestamp. The financial server tracks each processed transaction through an audit trail including the user's account, the user's digital signature, the timestamp of the transaction, and the text of the transaction."

Application/Control Number: 15/187,196 Page 6
Art Unit: 3688

7. Any inquiry of a general nature or relating to the status of this application or concerning this communication or earlier communications from the Examiner should be directed to **James A. Reagan** (james.reagan@uspto.gov) whose telephone number is **571.272.6710.** The Examiner can normally be reached on Monday Friday, 9:30am 5:00pm. If attempts to reach the examiner by telephone are unsuccessful, the Examiner's supervisor, **KAMBIZ ABDI** can be reached at **571.272.6702**.

8. Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://portal.uspto.gov/external/portal/pair. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at **866.217.9197** (toll free).

9. Any response to this action should be mailed to:

**Commissioner for Patents**

**PO Box 1450**

**Alexandria, Virginia 22313-1450**

or faxed to **571-273-8300**.

Application/Control Number: 15/187,196 Page 7
Art Unit: 3688

10. Hand delivered responses should be brought to the **United States Patent and Trademark Office**

   **Customer Service Window**:

   Randolph Building

   401 Dulany Street

   Alexandria, VA 22314.

/JAMES A REAGAN/
Primary Examiner, Art Unit 3688

james.reagan@uspto.gov
571.272.6710 (Office)
571.273.6710 (Desktop Fax)